IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RONALD DEVONE BALCOM, #158439, )
                                  )
          Plaintiff,              )
                                  )
    v.                            )      CIVIL ACTION NO. 1:19-CV-102-WHA
                                  )
LYNN HEAD, et al.,                )
                                  )
          Defendants.             )

## RECOMMENDATION OF THE MATISTRATE JUDGE

## I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by

Ronald Devone Balcom, an indigent state inmate currently incarcerated at the Houston

County Jail on a parole revocation.  In the instant complaint, Balcom complains that the

defendants violated his constitutional rights in deciding to revoke his parole based on new

misdemeanor charges and by ordering that he serve an additional six (6) months on the

sentence underlying his parole.  Doc. 1 at 2.[1]  In support of his claim for relief, Balcom

maintains that "the two misdemeanor[] offenses are defined as technical violations with

the maximum punishment of 45 days in confinement."  Doc. 1 at 2.  Balcom names Lynn

Head, a member of the Alabama Board of Pardons and Paroles, and Ken Brown and Greg

Lee, parole officers in Houston County, Alabama, as defendants in this case.  Balcom seeks

---

[1] Balcom identifies the new charges as second degree stalking and providing false information to law enforcement officials.

declaratory relief and monetary damages for the alleged violations of his constitutional rights.

Upon a thorough review of the complaint, the undersigned concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).[2]

## II. DISCUSSION

### A. Damages Relief

**1. Official Capacity Claims.** Insofar as Balcom requests monetary damages from the defendants in their official capacities, they are entitled to absolute immunity. Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). As the Eleventh Circuit has held,

> the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or employees]. There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. A State's consent to suit must be unequivocally expressed in the text of [a] relevant statute. Waiver may not be implied. Likewise, Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement.

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015) (internal quotation marks and citations omitted). Thus, a state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School &*

---

[2]This court granted Balcom leave to proceed *in forma pauperis* in this cause of action. Doc. 3. Thus, the court is obligated to screen the complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

*Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996).

> Neither waiver nor abrogation applies here. The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. Art. I, § 14. The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit.

*Selensky*, 619 F. App'x at 849 (citing *Alabama v. Pugh,* 438 U.S. 781, 782 (1978) (holding consent is prohibited by the Alabama Constitution). "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence*, Ala., 916 F.2d 1521, 1525 (11th Cir.1990)). In light of the foregoing, the defendants are entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacities. *Selensky*, 619 F. App'x at 849; *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998) (holding that state officials sued in their official capacities are protected under the Eleventh Amendment from suit for damages); *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995) (holding that damages are unavailable from state official sued in his official capacity).

2. **Individual Capacity Claims.** To the extent Balcom seeks monetary damages from the defendants in their individual capacities for actions relative to the parole revocation process, he is likewise entitled to no relief. The Eleventh Circuit has long recognized that parole board officials are entitled to quasi-judicial immunity from suits requesting damages based upon decisions to grant, deny or revoke parole. *Fuller v. Georgia State Board of Pardons and Parole*, 851 F.2d 1307 (11th Cir. 1988); *Cruz v.*

*Skelton,* 502 F.2d 1101, 1101–02 (5th Cir. 1974).  All of the actions about which Balcom complains arose during proceedings resulting in the revocation of parole.  Under these circumstances, the actions of parole officials are inextricably intertwined with their decision-making authority and they are therefore immune from damages.  Consequently, Balcom's claim for monetary damages against the defendants in their individual capacities is due to be summarily dismissed pursuant the directives of 28 U.S.C. § 1915(e)(2)(B)(iii).

## B.  Challenges to Plaintiff's Parole Revocation

Balcom complains that he is improperly confined on a parole revocation decision issued by the defendants.  The claims presented to this court seeking declaratory relief for the revocation of parole are not cognizable.  *See Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's basis for incarceration or sentence are not cognizable in a 42 U.S.C. § 1983 action "unless and until the [revocation] or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  *Heck*, 512 U.S. at 489.  The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his . . . sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983.").  The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for

declaratory judgment or injunctive relief. *Balisok*, *supra*. "It is irrelevant that [the plaintiff] disclaims any intention of challenging [the basis for his incarceration or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646–48.

The law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. The "sole remedy in federal court" for a prisoner challenging the constitutionality of incarceration on a sentence of a state court is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645; *Okoro*, 324 F.3d at 490 (noting that *Heck* directs that a state inmate "making a collateral attack on [his incarceration] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996). Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge." *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649. "[I]n *Wilkinson v. Dotson,*

544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its

prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred

(absent previous invalidation)—no matter the relief sought (damages or equitable relief),

no matter the target of the prisoner's suit (state conduct leading to conviction or internal

prison proceedings)—if success in that action would necessarily demonstrate the invalidity

of confinement or its duration.' *Id.* at 81–82, 125 S.Ct. at 1248." *Robinson v. Satz*, 260 F.

App'x 209, 212 (11th Cir. 2007). The principles espoused in *Heck* and *Balisok* foreclosing

review of claims challenging the basis of confinement in a 42 U.S.C. § 1983 action apply

to revocations and denials of parole. *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (parole

revocation); *White v. Gittens*, 121 F.3d 803, 806–07 (7th Cir. 1997) (revocation of parole);

*Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997) (denial of parole); *Littles v. Board of

Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (revocation of parole); *Jackson

v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995) (revocation of

parole); *Schafer v. Moore*, 46 F.3d 43, 44–45 (8th Cir.1995) (denial of parole).

Under the circumstances of this case, *Heck* and its progeny bar Balcom's use of any

federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254,

to mount a collateral attack on the validity of his parole revocation. 512 U.S. at 489 ("We

do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a

cause of action. Even a prisoner who has fully exhausted [all] available state remedies has

no cause of action under § 1983 unless and until the [revocation] or sentence is reversed,

expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v.

Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of

cognizability, not exhaustion."). Hence, the claims presented by Balcom challenging the fundamental legality of his parole revocation and resulting sentence are not cognizable in this cause of action as they provide no basis for relief at this time and, thus, are subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's requests for monetary damages from the defendants are DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(iii).

2. The plaintiff's claims challenging the revocation of parole be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims provide no basis for relief at this time.

3. This case be dismissed prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

The plaintiff may file objections to the instant Recommendation on or before **February 21, 2019**. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the Magistrate Judge's findings and recommendations as required by the provisions of 28 U.S.C. § 636(b)(1) shall bar a de

---

[3]Before a claim challenging the fact of an inmate's confinement may be heard in federal court, the inmate must first exhaust available state court remedies. *Georgalis v. Dixon*, 776 F.2d 261 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087 (11th Cir. 1982). The law is well-settled that an inmate cannot proceed on such a claim in a 42 U.S.C. § 1983 action so as to avert the exhaustion requirements attendant to habeas actions. *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Keenan v. Bennett*, 613 F.2d 127 (5th Cir. 1980).

novo determination by the District Court of legal and factual issues covered in the Recommendation.  The failure to file written objections will also waive the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 7th day of February, 2019.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE